[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas corpus matter in which the petitioner, presently incarcerated at the Northern Correctional Institution, claims that as a result of being handcuffed he is prevented from washing his whole body. Additionally, the petitioner asserts that because his feet are shackled he might fall in the shower. Finally, he claims that he is handcuffed, with his hands cuffed behind his back, during periods of recreation. The respondant [respondent] has filed a Motion to Quash claiming, in essence that the petitioner's claims, even if proven true, do not give rise to habeas relief. The court agrees.
The Appellate Court has previously opined that "habeas corpus provides a special and extraordinary legal remedy for illegal detention." Vincenzo v. Warden, 26 Conn. App. 132, 137 (1991). "Questions which do not concern the lawfulness of detention cannot properly be reviewed on habeas corpus." Sanchez v. Warden,214 Conn. 23, (1990). Thus where a petitioner, such as in this case, raises an issue limited to a condition of confinement without implicating the legality of his confinement, or the violation of a constitutionally-protected right, the claim is not properly before this court. The facts alleged by the petitioner, standing alone as they have been alleged, appear to be no more than the consequences' of the handcuffing policy of the Warden, a subject area particularly within the administrative realm of the Corrections Department.
For the reasons stated, the Motion to Quash is granted. Accordingly, the petition herein is dismissed.
Bishop, J. CT Page 14549